```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND


THE ESTATE OF                    *
ROBERT ETHAN SAYLOR, et al.      *
                                 *     Civil Action No. WMN-13-3089
v.                               *
                                 *
REGAL CINEMAS, INC., et al.      *
                                 *
                                 *
                                 *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Before the Court is a "Motion to Prohibit the Carrying of Firearms and Wearing of Law Enforcement Uniforms at Depositions," ECF No. 65, filed by Plaintiffs, the Estate of Robert Ethan Saylor, Patricia Saylor, and Ronald Saylor, asking the Court to prohibit Defendants Richard Rochford, Scott Jewell, and James Harris (collectively, Deputy Defendants) from carrying their firearms and wearing their law enforcement uniforms at depositions.  The Motion has been fully briefed and is ripe for review.  Upon a review of the papers, facts, and applicable law, the Court determines no hearing is necessary, Local Rule 105.6, and the Plaintiffs' motion will be denied.

All three Deputy Defendants serve in the Frederick County Sheriff's Office and are permitted to wear uniforms while on duty and paid by the Sheriff's Office.  When in uniform, they are required to carry firearms.  This motion arises from the

Deputy Defendants' presence at the February 11, 2015, videotaped deposition of Regal Cinema Manager Kevin Rhodes.  They attended the deposition in their full Sheriff Deputy uniforms, including a firearm.  Plaintiffs are now concerned that continuing this practice at all remaining depositions will cause undue discomfort in the deposed witnesses, bordering on intimidation.  As such, they request the Court order the Deputy Defendants to refrain from wearing their Sheriff's Office uniform and appear at all depositions in civilian garb.

The Court finds no compelling reason to grant the requested relief.  The Plaintiffs request this relief on the grounds that (1) if the deposition was conducted in the federal courthouse, Deputy Defendants would be required to relinquish their firearms; (2) Deputy Defendants were not acting within their capacity as Sheriff's Deputies on the night that gave rise to this action, and, as such, the wearing of uniforms does not comport with the circumstances of the case; and (3) the appearance of an armed and uniformed defendant at a deposition constitutes an "annoyance, oppression, and undue burden, if not something more akin to intimidation."  ECF No. 65-1 at 2.

The first two arguments are unavailing to a consideration of whether the Deputy Defendants are able to attend depositions in full uniform.  Plaintiffs refer to Federal Rule of Civil Procedure 30(c) to support the argument that Deputy Defendants

must appear in civilian garb, as this rule "requires that deposition testimony be taken as it would be in a trial." ECF Nos. 65 at 2, 68 at 1. Rule 30(c) refers to the application of the Federal Rules of Evidence, the requirement of placing a deponent under oath, the operation of objections, and the necessity and manner of recording deposition testimony. Rule 30(c), therefore, concerns itself with generating a record of admissible, truthful evidence that may be used to advance the parties' case rather than the physical recreation of trial conditions. Rule 30(c) no more obligates a party in an action to wear certain clothes than requires the deponent to sit in a witness box or Defense counsel to sit to the left of deponent and Plaintiff counsel to the right.[1] Additionally, a party's choice of whether to match their appearance to their condition on the night at issue in the litigation is strategy best left to the party rather than a legal issue for the Court.

With regards to employing the Court's discretion under Federal Rule of Civil Procedure 26(c) to protect a party or witness from certain conditions within the deposition, Plaintiffs have cited to no incident of annoyance, oppression,

---

[1] Even if the Court were to accept Plaintiffs' argument that Rule 30(c) requires the slavish recreation of a trial setting, the outcome would still not be the one requested in their Motion. There is no rule barring a law enforcement official from testifying in open court in uniform and Plaintiff offers no out-of-court equivalent of U.S. Marshal custody to ensure that the officer's firearm is secure while he is testifying.

undue burden, or intimidation by the Deputy Defendants beyond mere speculation.  Deputy Defendants note that "no intimidation occurred or was evident" and the "Deputies comported themselves professionally, without exception" during the Deposition of Mr. Rhodes.  ECF No. 67 at 4.  Plaintiffs argue that the Deputy Defendant's actual conduct and effect on this deposition "is not the standard by which the Court should consider this motion." ECF No. 68 at 3.  That Deputy Defendants are able to attend a deposition unobtrusively, however, is relevant when considering their potential comportment in the future.  Plaintiffs rely on the presence of a firearm in the room to establish ground for finding potential intimidation, but a firearm constitutes a standard element of a law enforcement uniform, and carries different implications when part of a uniform than if an individual in civilian clothes were to carry a weapon to a deposition.  In the absence of evidence that would indicate a likelihood of witness intimidation, the Court declines to restrict Deputy Defendant's ability to appear at depositions in uniform.

To the extent that the Deputy Defendants are on duty or immediately coming from duty when they attend the Depositions, their appearance cannot be helped.  Plaintiffs are welcome to make a record in the deposition transcript if the Deputy Defendants appear in uniform while off duty or if their

4

appearance has a material effect on a witness.  And if the Deputy Defendants divert from the professional conduct of their office, the Court will be willing to entertain any relevant motion at that time.

Accordingly, it is this 26th day of February, 2015, ORDERED that:

(1) Plaintiffs' "Motion to Prohibit the Carrying of Firearms and Wearing of Law Enforcement Uniforms at Depositions", ECF No. 65, is DENIED; and

(2) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge