UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

April 24, 2015

LETTER TO COUNSEL

      RE:    *The Estate of Robert Ethan Saylor, et al. v. Regal Cinemas, Inc., et al.*
               Civil Case No. WMN-13-3089

Dear Counsel:

      Pursuant to Judge Nickerson's order referring the case to me for discovery, [ECF No. 77], I have reviewed Plaintiffs' Motion to Compel and Enforce Nonparty Subpoena for Production of Documents, the Custodian of Records for the Frederick County Sheriff's Office's Opposition, and Plaintiffs' Reply thereto. [ECF Nos. 63, 71, 74]. I have also reviewed Plaintiffs' counsel's correspondence regarding the parties' resolved dispute relating to training information. [ECF No. 78]. No hearing is deemed necessary. *See* Loc. R. 106.5 (D. Md. 2014). For the reasons set forth below, Plaintiffs' Motion will be GRANTED IN PART and DENIED IN PART.

**I. Background**

      In November, 2014, Plaintiffs served a nonparty subpoena on the Custodian of Records for the Frederick County Sheriff's Office ("the Custodian") in connection with the instant lawsuit arising from the death of Robert Ethan Saylor ("Mr. Saylor") in January, 2013. Among other claims, Plaintiffs, Mr. Saylor's parents, individually and as personal representatives of Mr. Saylor's estate, brought a survival claim on behalf of Mr. Saylor's estate against three deputies of the Frederick County Sheriff's Office ("the Defendant deputies") for excessive force under 42 U.S.C. § 1983. Plaintiffs also brought two survival claims against the State of Maryland under Title II of the Americans with Disabilities Act ("ADA"), one based on a failure to train theory, and the other based on a vicarious liability theory. The Custodian objected to several of Plaintiffs' requests, and, while the parties have resolved some of the disputes amongst themselves, three discovery disputes remain.

**II. Discovery Disputes**

      **1. Complete personnel files of Deputy Richard Rochford, Deputy Scott Jewell, and Deputy James Harris (the Defendant deputies).**

      Plaintiffs request the complete personnel files of the three Defendant deputies, including all training records, sustained and unsustained complaints (internal and external), and

Case 1:13-cv-03089-WMN   Document 79   Filed 04/24/15   Page 2 of 5

*The Estate of Robert Ethan Saylor, et al. v. Regal Cinemas, Inc., et al.*
Civil Case No. WMN-13-3089
April 24, 2015
Page 2

disciplinary records, with no time limitations. Pl. Mot. 7. The Custodian asserts objections on both confidentiality and relevancy grounds. Def. Opp. 3–8. The Court notes that a confidentiality order has been in place since February, 2015. [ECF No. 61].

The Custodian argues that the balancing test articulated in *King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988), for law enforcement privilege should apply here, because "there is no reason that the balancing test should not be employed whenever sensitive, confidential records are sought." Def. Opp. 7. Plaintiffs do not contest that the widely-used *King* balancing test applies. Pl. Reply 4. *See King*, 121 F.R.D. at 188 ("The procedure and test described below govern all discovery disputes over police records in federal civil rights actions in this district, regardless of the label used to refer to the privilege."). However, Plaintiffs correctly note that the Custodian has failed to make the "substantial threshold showing" of "specific harms likely to accrue from disclosure of specific materials" that is required to trigger the balancing test. *See id.* at 189. Thus, the Defendant deputies' personnel records should be produced unless the Custodian's relevancy argument stands. *See, e.g.*, *Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) ("The defendants have made no such [substantial threshold] showing here. Therefore, the court has 'no choice but to order disclosure,' unless defendants' objections on grounds of relevance are sustained.") (quoting *King*, 121 F.R.D. at 189).

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." According to the Custodian, "[d]etailed information about an officers' application for employment, personal references, medical and psychological qualifications or issues, commendations, promotions, and job assignments simply have nothing to do with any matter, use of force in the context of §1983 or training in the context of the ADA, at issue in this case." Def. Opp. 8. Plaintiffs argue that the complete personnel files are relevant to determining the Defendant deputies' background, prior experiences, knowledge, and credibility. Pl. Mot. 7. Plaintiffs also point out that they have received no information on the extent of the documents contained in the personnel files, making it impossible to argue about the specific relevance of any particular document. *Id.*

While it is true that the scope of discovery in a federal civil rights action is especially broad, and that Plaintiffs' ADA claims add another layer of potentially relevant information to this case, the Court finds it improper to compel disclosure of everything contained in the Defendant deputies' personnel files without knowing exactly what the files contain. Both parties would be better served if the Custodian created a detailed log of the documents in each of the Defendant deputies' personnel files, with a sufficient explanation of why the Custodian deems each document not relevant to this lawsuit. The Custodian should ensure that the log contains sufficient detail for the Plaintiffs to ascertain a document's relevance and oppose withholding, if appropriate. The Custodian shall provide this log to Plaintiffs within **thirty (30) days** from the date of this Order, after which the parties shall meet and confer regarding the log.[1] If the parties

---

[1] Without knowing anything about the contents of the Defendant deputies' personnel files, the Court assumes 30

Case 1:13-cv-03089-WMN   Document 79   Filed 04/24/15   Page 3 of 5

*The Estate of Robert Ethan Saylor, et al. v. Regal Cinemas, Inc., et al.*
Civil Case No. WMN-13-3089
April 24, 2015
Page 3

are still unable to agree on what should be produced and what should be withheld, they are to resubmit the issue to the Court, along with the detailed log, for resolution.

There are, however, certain documents that are undoubtedly relevant to this case and should be produced immediately, subject to the confidentiality order already in place. First, any documents in the Defendant deputies' personnel files concerning the altercation with Mr. Saylor on January 12, 2013, and the subsequent investigation, should be produced. Second, any documents in the Defendant deputies' personnel files related to sustained complaints (internal or external), investigations, or disciplinary actions involving excessive force or interactions with persons with disabilities or mental illness should be produced.[2] Third, any documents in the Defendant deputies' personnel files related to training, including performance assessments or evaluations related to that training, concerning use of force or interacting with persons with disabilities or mental illness should be produced. The Custodian shall produce these documents, if it has not done so already, within **fourteen (14) days** from the date of this Order. All sensitive identifying information, such as addresses, telephone numbers, and social security numbers, of the Defendant deputies or other individuals should be redacted before production.

### 2. Complaints and disciplinary records of all deputies of the Frederick County Sheriff's Office.

Plaintiffs also request all sustained and unsustained complaints, and disciplinary action taken, against any Frederick County Sheriff's Office deputy regarding the use of force or interactions with persons with disabilities or mental illness, since 2010. Plaintiffs argue that this information is relevant for two reasons: (1) Plaintiffs' ADA failure to train claim against the State of Maryland encompasses *all* deputies of the Frederick County Sheriff's Office, and thus complaints and disciplinary records for all deputies are "relevant to exploring whether previous behavior had resulted in discriminatory conduct," and "because establishing the need for training is just as relevant to showing the lack of training itself;" and (2) with regards to the Defendant deputies' claim of qualified immunity to Plaintiffs' Section 1983 excessive force claim, documents concerning prior misconduct on the part of all deputies of the Frederick County Sheriff's Office are relevant to determining whether the Defendant deputies "were on notice of unlawful behavior." Pl. Mot. 11–12; Pl. Reply 7.

Plaintiffs' latter argument fails, since qualified immunity asks whether an officer's conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, the inquiry

---

days is a reasonable amount of time for the Custodian to provide the log to Plaintiffs. If the amount of information contained in the files is voluminous, such that the Custodian will need additional time, the Custodian should request an extension from the Court.

[2] The Court notes the debate over sustained versus unsustained complaints, and finds it appropriate to include unsustained complaints—that is, those that were unfounded or abandoned—in the log discussed above. After review of the log, Plaintiffs can decide whether they want to pursue production of a particular unsustained complaint. If the Custodian objects, then the Court will review the documents *in camera* and rule accordingly.

Case 1:13-cv-03089-WMN   Document 79   Filed 04/24/15   Page 4 of 5

*The Estate of Robert Ethan Saylor, et al. v. Regal Cinemas, Inc., et al.*
Civil Case No. WMN-13-3089
April 24, 2015
Page 4

is objective, and the Defendant deputies' subjective intent is irrelevant. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) ("[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."). Moreover, whether the law was "clearly established" is a question to be decided *before* discovery of information relevant to qualified immunity. *See Harlow*, 457 U.S. at 818 ("Until this threshold immunity question [of whether the law was clearly established] is resolved, discovery should not be allowed.").

However, discovery of complaints and disciplinary action taken against fellow deputies regarding interactions with persons with disabilities or mental illness (which may or may not also involve use of force) is potentially relevant to determining whether the State failed to train its officers under Title II of the ADA. The Court acknowledges the privacy concerns involved in producing identifying information of non-party officers. Thus, an appropriate compromise is for the Custodian to provide a spreadsheet of all sustained complaints (internal and external), from January, 2010 to January, 2014, against deputies of the Frederick County Sheriff's Office that involve interactions with persons with disabilities or mental illness; a detailed explanation of the allegations against the deputy; and the disciplinary action taken against the deputy, if any. No identifying information should be included. This information should be sufficient to aid Plaintiffs in evaluating their failure to train claim against the State. If Plaintiffs are able to adequately articulate why they need information about a particular incident or incidents beyond what is provided in the Custodian's spreadsheet, they should confer with the Custodian before raising the issue with the Court. The Custodian shall provide this spreadsheet to Plaintiffs within **thirty (30) days** from the date of this Order.

### 3. The internal affairs investigator's summary report and findings.

The parties' final discovery dispute concerns the investigator's summary report and findings from the internal affairs investigation of the events leading up to Mr. Saylor's death. The Custodian argues that the investigator's summary report is not relevant to the subject matter of the case; will constitute inadmissible opinion evidence at best; and implicates certain confidentiality issues. Def. Opp. 19. I see no reason, and the Custodian has provided no sufficient justification, for withholding the summary report, given its obvious connection to this case. That portions of the summary report may or may not be admissible at trial does not render the report immune from discovery. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Porter Hayden Co.*, CCB-03-3408, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012) ("[C]ourts in this circuit have found that *relevance*, not *admissibility*, is the appropriate inquiry with regard to whether or not the information sought is discoverable.") (citations and internal quotation marks omitted). Moreover, any legitimate confidentiality issues concerning the internal affairs file, including the summary report, are addressed by the confidentiality order already in place. The Custodian shall therefore provide Plaintiffs with the investigator's summary report within **fourteen (14) days** from the date of this Order.

*The Estate of Robert Ethan Saylor, et al. v. Regal Cinemas, Inc., et al.*
Civil Case No. WMN-13-3089
April 24, 2015
Page 5

### III. Conclusion

For the reasons discussed above, Plaintiffs' Motion to Compel, [ECF No. 63], is GRANTED IN PART and DENIED IN PART. The Custodian is ORDERED to provide Plaintiffs with the documents and information discussed herein, within the deadlines set forth herein. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), no fees or expenses will be awarded because relief is being denied in part, and because the Custodian's objections were substantially justified.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

                                                Sincerely yours,

                                                /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge

cc:  Judge William M. Nickerson